ON REHEARING
CARROLL, DONALD K., Justice.
Both the appellant and appellee have timely filed petitions seeking our rehearing and reconsideration of the opinion and judgment which we entered in this appeal on July 25, 1963. Accordingly, we granted these petitions and set them down for oral argument of counsel for both parties.
We have carefully reconsidered our said opinion and judgment in the light of the contentions made and authorities cited in the said petitions and oral argument, and have decided to adhere to the said opinion and judgment except in one particular strongly stressed by the appellee in his petition for rehearing.
In this petition the appellee contends that, in holding that the chancellor correctly ruled that the marketing order involved was unreasonable but that he exceeded his authority in declaring that the appel-lee is a “producer”, we overlooked the powers granted to circuit courts in the Florida Declaratory Judgments Act. In the perspective that comes in the consideration of petitions for rehearing, we are now of the opinion that we somehow overlooked the effect of that statute.
Section 87.01, Florida Statutes, F.S.A., provides, among other things, that the circuit courts of this state shall have the authority, original jurisdiction, and power, upon a filed complaint, “to declare rights, status and other equitable or legal relations * * More specifically, Section 87.02 provides that such a declaration may be obtained by any person “whose rights, status or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority * *
In the case before us the appellee sought the declaration of the Circuit Court that he was a “producer” under the celery and sweet corn marketing law, and that court so declared. Such a declaration, we now think, is dearly within the court’s authority under the Declaratory Judgments Act.
Consequently, our opinion and judgment filed herein on July 25, 1963, are adhered to, except that the last three paragraphs thereof (beginning “We concur with the Circuit Court’s conclusion * * *.”) are withdrawn and set aside; and the following substituted in lieu thereof:
“We conclude that the Circuit Court correctly ruled that the subject marketing order is unreasonable in its application to Sullivan and that he is a producer within the meaning of the celery and sweet corn marketing law. The final decree appealed from, therefore, must be and it is
“Affirmed.”
STURGIS, C. J., and RAWLS, J., concur.